**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | | |
|---|---|---|
| DELOITTE & TOUCHE, LLP, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 08-340 |
| UNITED STATES OF AMERICA, | ) | Hon. Christine Odell Cook Miller |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BEARINGPOINT, INC.'S UNOPPOSED MOTION TO INTERVENE**

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"), BearingPoint, Inc. ("BearingPoint") respectfully submits this Memorandum of Points and Authorities in Support of its Unopposed Motion to Intervene in the above-captioned action. As set forth below, BearingPoint, the awardee of the contract in question, is entitled to intervene as a matter of right under RCFC 24(a)(2). Alternatively, assuming *arguendo* that it is not entitled to intervene as a matter of right, BearingPoint should be permitted to intervene pursuant to RCFC 24(b).

**STATEMENT OF THE CASE**

The facts relevant to BearingPoint's Motion to Intervene are straightforward and involve only publicly available facts. On or about September 11, 2007, the United States Department of the Interior's National Business Center, Acquisition Services Directorate (commonly referred to, and referred to herein, as "ASD" or "GovWorks") issued Request for Proposals No. 1406-04-07-RP-67969 (the "Solicitation"), acting on behalf of the Department of the Treasury, Financial Crimes Enforcement Network "FinCEN." The Solicitation sought offers for an Indefinite

Quantity Indefinite Delivery ("IDIQ") contract to provide contractor support to manage the full range of information technology services, custom applications, maintenance support, and infrastructure necessary to implement the FinCEN information technology operational objectives. Award was to be made to the offeror whose offer represented the "best value" to the Government based on the evaluation criteria set forth in the Solicitation.

Six companies responded to the Solicitation. The proposals were reviewed and evaluated by GovWorks. Following that review and analyses, BearingPoint was determined to have submitted the offer representing the best value to the Government and, as such, was selected for award. Contract Award No. 1406-04-08-CT-20244 together with Task Orders 20242, Program Management, and 20243, Data Management, were awarded to BearingPoint on March 14, 2008 with an effective date of March 17, 2008.

On March 25, 2008, Deloitte & Touche LLP ("Deloitte") filed a protest against the award with the Government Accountability Office ("GAO"), Protest No. B-311417. BearingPoint filed with the GAO its Notice of Intervention on April 9, 2008, which request was granted without opposition. On or about May 7, 2008, the day before Deloitte's Comments were to be filed, BearingPoint was notified of Deloitte's intent to abandon its GAO protest and seek relief from this Court. BearingPoint was advised in the afternoon of May 9, 2008 that Deloitte had filed a protest action in this Court. On May 12, 2008, Counsel for Deloitte and the United States represented that Plaintiff and the Department of Justice will not be opposing BearingPoint's motion to intervene.

## ARGUMENT

BearingPoint is entitled to intervene in this action as a matter of right. A party shall be permitted to intervene, upon timely application[1]

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

*See* RCFC 24(a)(2). "[T]he 'requirements for intervention are to be construed in favor of intervention.'" *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989); *see also Che Consulting, Inc. v. United States*, 71 Fed. Cl. 634, 635 (2006) (citation omitted).

"[T]o intervene as a matter of right, an applicant-intervenor must demonstrate a direct, immediate, legally protectable interest in the proceedings, such that the intervenor would either gain or lose by the direct legal operation and effect of the judgment." *Karuk Tribe of California v. U.S.*, 28 Fed. Cl. 694, 696 (1993) (citation omitted). As the awardee under the contract, BearingPoint has a direct, immediate, and substantial interest in these proceedings. Moreover, "the disposition of the action may as a practical matter impair or impede" BearingPoint's interest in the contract. RCFC 24(a)(2); *see also Comprehensive Health Services, Inc. v. United States*, 70 Fed. Cl. 700 (2006) (concluding that the party seeking intervention as of right had "an interest relating to property . . . which is the subject of [this] action, because [it] was awarded the []Contract that [the protestor] protests by this action. Therefore, a final

---

[1] Deloitte filed its Complaint for Injunctive and Declaratory Relief on May 9, 2008. BearingPoint filed its motion to intervene one business day later on May 12, 2008. As a result, BearingPoint's motion for intervention is timely. In any event, there is nothing to suggest that BearingPoint's intervention prejudiced the other parties. *Comprehensive Health Services, Inc. v. United States*, 70 Fed. Cl. 700 (2006).

judgment in favor of [the protestor] will impair [the awardees'] ability to protect that interest. RCFC 24(a)" (internal citations omitted)).

BearingPoint's interests also are not adequately protected by the United States, on whose behalf it seeks to intervene. As the procuring agency, the agency owes an equal duty to all offerors. Its interests, therefore, are broader than, and potentially divergent from, BearingPoint's more narrowly focused interest in protecting the fruits of its investment in this procurement. *Karuk Tribe*, 28 Fed. Cl. at 697-98 (concluding that United States, as trustee, "must represent the interests of all Indians" and therefore "[t]o the extent that the interests of the Tribe and those of the plaintiffs conflict, the United States' ability to represent all Indians is compromised"); *see also Che Consulting, Inc.*, 71 Fed. Cl. at 635 (finding that intervenor's interests may not be adequately protected by the Government because "its interests and the Government's interests do not completely coincide"). Moreover, the parties' interest in the protection of sensitive BearingPoint proprietary information and understanding of the scope of sensitive materials may well differ. *See Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407 (2006) (granting a contractor's motion to intervene where contractor sought to protect trade secrets and other proprietary information). Accordingly, BearingPoint should be permitted to intervene in this matter pursuant to RCFC 24(a). *Manson Construction Co. v. United States and Great Lake Dredge & Dock Co.*, LLC, 79 Fed. Cl. 16, 18 (2007) (explaining that the Court granted the awardee's unopposed motion to intervene under RCFC 24(a)).

Alternatively, BearingPoint also qualifies for permissive intervention under RCFC 24(b), which provides the Court discretion to allow a party to intervene when, *inter alia*, "an applicant's claim or defense and the main action have a question of law or fact in common." RCFC 24(b)(2). The Court "shall consider whether the intervention will unduly delay or

prejudice the adjudication of the rights of the original parties." *Id.* Here, common issues of law and fact abound between Deloitte's action challenging the conduct of this procurement and BearingPoint's claim that it was properly awarded the Contract. Allowing BearingPoint to intervene will neither delay nor prejudice the Court's adjudication of the rights of Deloitte and the Government. BearingPoint will comply with all filing deadlines established by this Court. As a result, the Court should allow BearingPoint to participate in this action by way of permissive intervention under RCFC 24(b).

This Court has routinely granted intervention by interested third parties in the exercise of its bid protest jurisdiction. *See, e.g., Che Consulting, Inc., supra*; *Ryder Move Management, Inc. v. United States*, 48 Fed. Cl 380 (2001); *Pikes Peak Family Housing. LLC v. United States*, 40 Fed. Cl 673 (1998); *Hydro Engineering Inc. v. United States*, 37 Fed. Cl. 448 (1997); *see also IMS Services. Inc. v. United States*, 33 Fed. Cl. 167 (1995). While the Court has not always articulated the legal basis for the intervention as between RCFC 24(a) or RCFC 24(b), the Court has consistently recognized an awardee's right to be heard in connection with a challenge to a contract award. *Id.*; *see also CCL Service Group v. United States*, 43 Fed. Cl. 680, 681 (1999) (explaining that the Court granted the awardee's motion to intervene). Under this precedent, and for the reasons discussed above, BearingPoint should be allowed to intervene in this action.

## CONCLUSION

For the foregoing reasons, BearingPoint respectfully requests that the Court grant its Motion to Intervene.

Respectfully submitted:

SHEPPARD MULLIN RICHTER & HAMPTON LLP

**/s/ Jonathan S. Aronie**

By: Jonathan S. Aronie
1300 I Street, N.W.
Suite 1100 East
Washington, D.C. 20005-3314
Telephone (202) 218-0000
Facsimile (202) 218-0020

Attorney of Record for BearingPoint, Inc.

OF COUNSEL

Louis D. Victorino
David S. Gallacher
Marko W. Kipa
Keith R. Szeliga
SHEPPARD MULLIN RICHTER
& HAMPTON LLP
1300 I Street, N.W.
Suite 1100 East
Washington, D.C. 20005-3314
Telephone (202) 218-0000
Facsimile (202) 218-0020

DATED: May 12, 2008

**CERTIFICATE OF SERVICE**

I certify that on May 12, 2008, a copy of BearingPoint, Inc.'s Unopposed Motion to Intervene and supporting Memorandum of Points and Authorities were filed electronically. I understand that notices of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**/s/ Jonathan S. Aronie**
Jonathan S. Aronie
Attorney for BearingPoint, Inc.